UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Demetrice Cannon,                                    Case No.  1:16-cv-1849

                    Petitioner,

        v.                                           MEMORANDUM OPINION
                                                         AND ORDER

Mary Potter, Warden,

                    Respondent.


## I.  INTRODUCTION

Petitioner Demetrice Cannon seeks a writ of habeas corpus under 28 U.S.C. § 2254,

challenging the constitutionality of his conviction and sentence following an October 2013 bench

trial in the Cuyahoga County, Ohio Court of Common Pleas, at which he was found guilty of one

count of murder with a firearm specification and one count of possessing a weapon while under a

disability.  (Doc. No. 1).  Magistrate Judge Kathleen B. Burke reviewed the petition as well as the

related briefing pursuant to Local Rule 72.2(b)(2) and recommends I dismiss the petition in part and

deny it in part.  (Doc. No. 11).  Counsel for the Petitioner filed objections to Judge Burke's Report

and Recommendation, (Doc. No. 14), and also filed objections apparently authored by the Petitioner

himself.  (Doc. No. 15).  For the reasons stated below, I decline to consider Petitioner's "pro se"

objections, overrule the objections submitted by counsel, and adopt Judge Burke's Report and

Recommendation.

## II.  BACKGROUND

Cannon waived his right to a jury trial and proceeded to a bench trial in October of 2013. He subsequently was found guilty of one count of murder, with a firearm specification, and one count of having a weapon while under a disability, in violation of Ohio law.  He was sentenced to serve 19 years to life in prison.

Cannon must demonstrate, by clear and convincing evidence, that the state court's factual findings were incorrect.  28 U.S.C. § 2254(e)(1).  He does not offer any evidence that those findings of fact were incorrect, and therefore I overrule any objection to Judge Burke's recitation of the factual and procedural history of this case.  I adopt those sections of the Report and Recommendation in full.  (Doc. No. 11 at 2-10).

## III.  STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy.  28 U.S.C. § 636.  Written objections "provide the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

# IV.   DISCUSSION

## A.  CANNON'S OBJECTIONS

Cannon has been represented by counsel since the initiation of these proceedings.  (*See, e.g.,* Doc. No. 1 at 19).  His attorney drafted the habeas petition, filed a traverse to the Respondent's return of writ, sought additional time to file objections to Judge Burke's Report and Recommendation, and subsequently filed those objections.

Counsel, however, also filed a document counsel refers to as an "objection to Report and Recommendation of Pro se party with Memorandum in Support."  (*See* Doc. No. 15).  This document purportedly was authored by the Petitioner himself.  (Id.).  There are several problems with this filing.

First, federal law permits a party to "plead and conduct [the party's] own cases personally <u>or</u> by counsel . . . ."  28 U.S.C. § 1654 (emphasis added).  The use of the disjunctive "or" in the statute means the statute sets forth alternate rights which may not be exercised simultaneously.  Courts often refer to this practice as "hybrid representation," and the Sixth Circuit has plainly held that § 1654 allows "a litigant to represent himself pro se or to obtain representation—but not both."  *United States v. Rohner*, 634 F. App'x 495, 505 (6th Cir. 2015).

Counsel for the Petitioner should be well aware of this principle of law, as this case is not the first in which he unsuccessfully attempted to participate in some form of hybrid representation before a judge in this Court.  *Jones v. Bradshaw*, 326 F. Supp. 2d 857 (N.D. Ohio 2004).

Further, the document is unsigned, and Rule 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented"  Fed. R. Civ. P. 11(a); *see also* Fed. R. Civ. P. 81(a)(4) (The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus" unless otherwise indicated.).

Petitioner offers no explanation for the multiple filings or the failure of the "pro se" filing, (Doc. No. 15), to comply with the requirements of Rule 11.  Therefore, I decline to consider the arguments contained in this document.  *United States v. Rohner*, 634 F. App'x 495, 505 (6th Cir. 2015) ("This court and many district courts in this circuit routinely refuse to consider materials filed pro se by represented parties.").

## B.  GENERAL OBJECTIONS

A party must specifically identify the sections of a magistrate judge's report and recommendation to which the party objects, and the party is not entitled to the district court's *de novo* review if the party's objections are conclusory or general.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) ("The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'") (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir.1982)).

Petitioner begins by objecting to "each and every adverse finding by the Magistrate Judge and requests that this court conduct a *de novo* review of the entire record."  (Doc. No. 14 at 1).  A general objection to a magistrate judge's report and recommendation which fails to specify the issues of contention, does not satisfy the requirements of Rule 72.  A party's objections must be clear enough to enable the court to discern those issues which are dispositive and disputed.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  A party's general objection constitutes waiver of the district court's subsequent review.  *See, e.g., Neuman v. Rivers*, 125 F.3d 315, 322 (6th Cir. 1997) (quoting *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir.1991)).  Therefore, Petitioner's general objection to Judge Burke's Report and Recommendation does not trigger *de novo* review of every issue Judge Burke discusses.

In large part, Petitioner's objections simply repeat and recite the arguments he made in his Traverse – in many instances, those arguments are repeated word-for-word.  (*Cf.* Doc. No. 14 at 2-8

*with* Doc. No. 10 at 2-8); (Doc. No. 14 at 8-9 *with* Doc. No. 10 at 8); (Doc. No. 14 at 9-16 *with* Doc. No. 10 at 9-15). Moreover, the content of Petitioner's objections and his Traverse differs little from the briefing he submitted during his state court proceedings – again, in many cases, Cannon offers the same arguments verbatim. (*See, e.g.,* Doc. No. 7-1 at 36-53).

District courts in the Sixth Circuit, as well as other circuits, consistently have held that a petitioner fails to make a specific objection when the petitioner merely reiterates the same arguments the petitioner presented to the magistrate judge. *See, e.g., Roach v. Hoffner*, No. 1:13-CV-42, 2016 WL 386151, at *1 (W.D. Mich. Feb. 2, 2016) ("Petitioner's objections essentially reiterate the same arguments he presented in his petition . . . [and] fail to demonstrate any factual or legal error in the Magistrate Judge's analysis, only Petitioner's dissatisfaction with, and general objection to, the Magistrate Judge's recommendation."); *Green v. Andrews*, No. 07-CV-2093, 2010 WL 1957482, at *6 (N.D. Ohio May 14, 2010) (Petitioner's objections "amount to approximately ten pages of text lifted verbatim from [her] Traverse. . . . Such 'general objections' do not serve the purposes of Federal Rule of Civil Procedure 72(b), which requires the Court to conduct a de novo review only of the portions of the Magistrate Judge's R & R to which a party objects."); *Turner v. Tilton*, No. 07-CV-2036JLS(AJB), 2008 WL 5273526, at *1 (S.D. Cal. Dec. 18, 2008) (concluding petitioner did not make "an objection to any specific portion of the report [and recommendation]" where petitioner discussed only the claims made in the petition and did not address the substance of the magistrate judge's findings).

Therefore, I conclude Cannon's recitation of his earlier briefing does not constitute a specific objection to Judge Burke's Report and Recommendation and does not satisfy the requirements for *de novo* review under § 636 and Rule 72.

### C. The Report and Recommendation

Consistent with Sixth Circuit law, I will address only the specific objections Cannon makes to Judge Burke's Report and Recommendation.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(1).

### 1. Ground I

Cannon's first ground for relief asserts his rights under the Sixth and Fourteenth Amendments were violated when he "was denied a fair trial when the prosecutor argued to the court that petitioner was guilty of the offense because he had failed to explain a claim of self defense to the police prior to trial." (Doc. No. 1 at 5). Judge Burke recommended I dismiss this claim as procedurally defaulted, because Cannon's attorney did not object to the questions to the witness, and the witness's subsequent answers, during the trial. (Doc. No. 11 at 15-17). Judge Burke also concluded Cannon had not established cause for his default, and actual prejudice as a result, to excuse his procedural default, or produced evidence he actually is innocent. (Doc. No. 11 at 17).

Detective Raymond Diaz of the Cleveland, Ohio Police Department testified that he informed Cannon of his right to remain silent and to have an attorney present during questioning. (Doc. No. 8-2 at 39-40). Diaz acknowledged talking to Cannon's trial attorney prior to Cannon's arrest, but indicated he had last spoken to the attorney over a month prior to Cannon's arrest. (Doc. No. 8-2 at 56). During that conversation, "there was uncertainty whether [trial counsel was]

representing [Cannon] or not," and Diaz testified he heard nothing further from trial counsel concerning Cannon voluntarily coming to the police department prior to Cannon's arrest approximately a month later. (Doc. No. 8-2 at 56).

After Diaz informed him of his rights, Diaz questioned Cannon about Steel's murder. (Doc. No. 8-2 at 40). Cannon told Diaz three separate times he was not there on the night Steel was killed, and that he knew of Steel, but did not know him personally. (Doc. No. 8-2 at 40-41). Cannon's attorney did not object during Diaz's testimony.

Cannon testified in his own defense. He stated he was at a dice game with Steel, and that he and Steel had an argument and brief physical altercation during the dice game. (Doc. No. 8-2 at 74-78). Cannon testified he left the area and later returned to his aunt's house, down the street from where the dice game had occurred. While Cannon was standing on the sidewalk, Steel drove up in his car. Cannon stated Steel got out of his car, began threatening Cannon again, and then pulled his gun and shot at Cannon, who was walking away from Steel. (Doc. No. 8-2 at 83-84). After Steel fired a shot at him, Cannon testified he turned around and fired three or four shots at Steel before running from the scene. (Id.).

On cross-examination, the prosecutor asked Cannon if he previously told the police he was not at the scene and had nothing to do with the murder. (Doc. No. 8-2 at 106-07). Cannon acknowledged he had done so, apparently because his attorney had told him not to talk to the police. (Id.). Trial counsel did not object to the prosecutor's line of questioning concerning what Cannon did and did not tell Diaz following his arrest. (Doc. No. 8-2 at 106-08). Nor did trial counsel object during the prosecutor's closing argument, when the prosecution argued to the judge that Cannon "would have been pounding down the door of the police to tell them that this was self-defense." (Doc. No. 8-2 at 133). Instead, during his closing argument, defense counsel stated he understood "the Court wouldn't take into consideration the fact that [Cannon] chose at [the] time he was

arrested" not to tell police his version of events and later to come "into court and . . . [tell] his

story." (Doc. No. 8-2 at 136).

Cannon objects to Judge Burke's conclusion that he failed to show cause and prejudice or to

establish a claim of actual innocence. (Doc. No. 14 at 2). He further claims "Respondent's claim

that there was a procedural default, can not be understood (sic)." (Doc. No. 14 at 6).

The Sixth Circuit applies "a four-part test to determine if a claim is procedurally defaulted.

> First, the court must determine whether there is a state procedural rule applicable
> to the petitioner's claim and whether the petitioner failed to comply with the rule.
> Second, the court must determine whether the state court actually enforced the
> state procedural rule. Third, the court must decide whether the state procedural
> rule is an adequate and independent state ground upon which the state can rely to
> foreclose review of a federal constitutional claim. Fourth, if the preceding
> questions are answered in the affirmative, the petitioner must demonstrate that
> there was cause for him to neglect the procedural rule and that he was actually
> prejudiced by the alleged constitutional error."

*Williams v. Bagley*, 380 F.3d 932, 966 (6th Cir. 2004) (citing *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir.

2001)).

Cannon appears to argue the state court of appeals erred in applying the contemporaneous-

objection rule, because "there were objections, both in the direct appeal, and later in the further

appeal based on ineffective assistance of counsel." (Doc. No. 14 at 6). Cannon's argument is not

persuasive, as the contemporaneous-objection rule plainly requires a defendant to object at trial in

order to preserve an alleged error for appeal on any standard other than plain error. *See, e.g., Ohio v.

Smith*, 731 N.E.2d 645, 654-55 (Ohio 2000). Trial counsel did not object to the prosecutor's

comments and questions during Cannon's bench trial.

The contemporaneous-objection rule operates independently of federal law, and "plain error

review by an appellate court constitutes enforcement of Ohio's contemporaneous objection rule."

*Williams v. Bagley*, 380 F.3d at 968. Moreover, the Eighth District Court of Appeals actually enforced

this rule against Cannon on appeal. *Ohio v. Cannon*, 2014-Ohio-4801, 2014 WL 5499291, at *2 (Ohio

Ct. App. Oct. 30, 2014) ("Cannon's failure to object to the testimony of Diaz deprived the trial judge of any opportunity to rule on this issue. As a result, Cannon has waived all but plain error [review]."). The state court of appeals enforced the state's independent procedural rule, and therefore Cannon has procedurally defaulted this claim unless he can establish cause and prejudice to excuse it, or that a fundamental miscarriage of justice would occur if I were to enforce the procedural-default rule.

Cannon claims any procedural default should be excused because one of the witnesses against him at trial subsequently signed an affidavit recanting his testimony. DeMarco Parker, who testified during Cannon's trial that he saw Cannon shoot the victim from a few feet away, subsequently claimed he was "under duress" from the victim's family and friends and that he never actually saw Cannon shoot the victim. (Doc. No. 7-1 at 346).

The Sixth Circuit previously has held that recantations like the one Cannon attempts to rely on generally are not "sufficient to grant habeas relief absent [independent] constitutional error." *Bower v. Curtis*, 118 F. App'x 901, 908 (6th Cir. 2004). A "credible" claim of actual innocence requires the "petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).

Cannon has not established independent constitutional error or produced new and reliable evidence. Parker was only one of two eyewitnesses to the shooting, and Cannon himself testified that he shot the victim. Even if I were to assume Parker's subsequent recantation of his trial testimony was true and reliable, Parker's affidavit would not negate the testimony from the other eyewitness or from Cannon himself. Nor would it overcome the physical evidence which indicated Cannon was not acting in self-defense when he shot the victim. *See Ohio v. Cannon*, 2014 WL

5499291, at *6.  Cannon fails to show his procedural default should be excused on the basis of actual innocence.  *See Schlup*, 513 U.S. at 329 (A petitioner claiming actual innocence must show no reasonable juror, after fairly considering all of the evidence presented, would have convicted the petitioner.).

Nor do Cannon's claims of ineffective assistance of counsel establish cause to excuse his procedural default.

A petitioner must show his attorney's performance failed to meet the *Strickland* test for ineffective assistance of counsel in order to establish that the attorney's errors are a "substantial reason" to excuse a petitioner's procedural default.  *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).  The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  *Strickland*, 466 U.S. at 689.  Counsel's failure "to recognize the factual or legal basis for a claim, or [failure] to raise the claim despite recognizing it, does not constitute cause for a procedural default."  *Rust*, 17 F.3d at 161 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  In order to establish an attorney error as cause for his procedural default, Cannon must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  *Rust*, 17 F.3d at 161 (quoting *Murray*, 477 U.S. at 488).

The trial transcript reflects that counsel made a strategic decision not to object to the prosecutor's questions and comments and instead to address those comments and questions during defense counsel's closing argument.  Cannon has not established that decision was unreasonable, given the circumstances at the time trial counsel made the decision.  Nor Cannon does not offer any evidence of an objective external factor which encumbered his trial attorney from complying with the contemporaneous-objection rule.  Therefore, Cannon cannot establish ineffective assistance under *Strickland*.

As a result, I overrule Cannon's objections to Judge Burke's recommendations and dismiss Ground I as procedurally defaulted.

## 2. GROUND II

In his second ground for relief, Cannon asserts his Fourteenth Amendment rights were violated because he "was denied a fair trial when the prosecutor, on cross examination of petitioner, asked the questions [incorporating] . . . statements made by another witness who had not testified at the trial." (Doc. No. 1 at 7). Judge Burke recommended I deny Ground II as without merit because he fails to show the prosecutor's allegedly-improper questioning had a "substantial and injurious effect" on the verdict. (Doc. No. 11 at 22).

Cannon objects to this recommendation, asserting Judge Burke used "an improper analysis of the issues and the trial transcript." (Doc. No. 14 at 8).

The Eighth District Court of Appeals first noted Ohio law presumes that a judge presiding over a bench trial considers only "relevant, material, and competent evidence . . . absent a showing to the contrary," and proceeded to conclude the prosecutor's use during cross-examination of statements Cannon purportedly made to Brandy Wyatt was permissible because the questions concerned Cannon's prior inconsistent statements and "spoke directly to [Cannon's] credibility." *Ohio v. Cannon*, 2014 WL 5499291, at *3. Cannon does not acknowledge the evidentiary presumption which arose from his decision to proceed with a bench trial.

The state appellate court further concluded these references were "merely cumulative in light of the state's introduction of Cannon's contradictory statements to police and [that admitting them] was, at most, harmless error." *Id.*

A federal habeas court may not reject a state court's harmlessness determination unless that determination itself was "objectively unreasonable" and "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded

disagreement." *Davis v. Ayala*, 135 S. Ct. 2187, 2199 (2015) (citations omitted). While Cannon repeats his disagreement with the state court's harmless-error conclusion, he fails to show how that conclusion was "objectively unreasonable." (*See* Doc. No. 14 at 8-9).

I overrule Cannon's objection to Judge Burke's recommendation as to Ground II because he has not shown the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. I deny Cannon's second ground for relief.

### 3. GROUND III

Cannon's third ground for relief sets forth another Sixth Amendment claim. He alleges he was denied the effective assistance of counsel due to "errors and omissions by defense counsel [which] deprived petitioner [of] his right to effective assistance of counsel," including counsel's failure to "file a motion to suppress evidence which would have been successful." (Doc. No. 1 at 8). Judge Burke recommends I deny this ground for relief because Cannon has not shown the state court applied the *Strickland* test in a manner that was contrary to or involved an unreasonable application of federal law.

Cannon objects to this recommendation, arguing Judge Burke wrongly rejected his arguments concerning his ineffective assistance of counsel claim. (Doc. No. 14 at 9). Cannon claims he was denied his Sixth Amendment right to counsel as the result of his trial attorney's failure to file a motion to suppress, to object to hearsay evidence, and to object to prosecutorial misconduct. (Doc. No. 14 at 9-17).

An attorney's performance violates the Sixth Amendment right to counsel if the attorney's representation falls below "an objective standard of reasonableness," and if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 688, 694).

Cannon's objections repeat the arguments he presented in his Traverse and in his briefing before the Eighth District Court of Appeals. A federal court's review during habeas proceedings of a state court's decision, however, is not *de novo*. *See, e.g., Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2560 (2018).

Habeas petitioners who assert ineffectiveness-assistance-of-counsel claims which have been adjudicated on the merits by the state court face "a particularly daunting task." *Carter v. Bogan*, 900 F.3d 754, 773 (6th Cir. 2018). The combination of the AEDPA and the *Strickland* test creates a "doubly deferential standard of review that gives both the state court *and* the defense attorney the benefit of the doubt." *Id.* (quoting *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (emphasis in original)). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable[, but] . . . whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

The Eighth District Court of Appeals concluded the performance of Cannon's trial counsel did not fall below an objective standard of reasonableness because (1) a motion to suppress would not have been successful because the record contained evidence Cannon was advised of his right to remain silent and chose to waive that right; (2) any error in failing to object to testimony that the victim was right-handed was harmless because there was no reasonable probability that the result of the trial would have been different if counsel had objected; and (3) the prosecutor's statements concerning Cannon's failure to present a self-defense version of events prior to trial were not improper, or were harmless even if improper. *Ohio v. Cannon*, 2014 WL 5499291, at *4-6. The appellate court concluded the prosecutor's use of Cannon's prior inconsistent statements to probe

"the disconnect between Cannon's pre-arrest silence and his . . . defense [was] permissible" under the Fifth Amendment. *Id.* at *2-3.

As I discussed above, trial counsel did not object to the prosecutor's comments and questions concerning Cannon's failure to raise his self-defense argument prior to trial and instead chose to address those comments and questions during his closing argument. (Doc. No. 8-2 at 106-08, 136). There is a "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Titlow*, 571 U.S. at 23 (quoting *Strickland*, 466 U.S. at 689). The state court record contains evidence that (1) Cannon waived his right to remain silent before speaking with detectives following his arrest, and (2) the gun powder residue on the victim's hand was consistent with the victim having been shot at close range. *See Ohio v. Cannon*, 2014 WL 5499291 at *4-5. This evidence is sufficient to support both the decision of trial counsel not to seek to suppress Cannon's statements or to object at trial based upon the various errors Cannon alleges, and the decision of the Eighth District Court of Appeals to deny Cannon's appeal on those grounds.

Section 2254 prohibits a court from granting habeas relief on a claim such as this one where "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105. Cannon fails to show the state appellate court's application of *Strickland*'s deferential standard was objectively unreasonable. Therefore, I overrule his objection to Judge Burke's recommendation, and deny Cannon's third ground for relief.

### 4. GROUND IV

Cannon's fourth ground for relief alleges his Fourteenth Amendment due process rights were violated when the trial court denied his motion for a judgment of acquittal, because "there was insufficient evidence to permit a rational factfinder to return a verdict of guilty . . . [and] the judgment and verdict are against the manifest weight of the evidence." (Doc. No. 1 at 10). Judge Burke recommends I deny Ground IV because Cannon fails to show the state appellate court

unreasonably concluded there was sufficient evidence to support his conviction. (Doc. No. 11 at 39). Cannon did not specifically object to Judge Burke's recommendation. I agree with Judge Burke's recommendation and deny Ground IV.

### 5. GROUND V

In his fifth ground for relief, Cannon claims his Sixth and Fourteenth Amendment rights were violated "when he was sentenced to consecutive sentences based on judicial factfinding." (Doc. No. 1 at 11). Judge Burke recommends I dismiss Ground V because Cannon's consecutive-sentence arguments do not raise a Constitutional claim. (Doc. No. 11 at 40). Cannon did not specifically object to Judge Burke's recommendation. I agree with Judge Burke's analysis and dismiss Cannon's fifth ground for relief.

### 6. GROUND VI

Cannon's sixth ground for relief presents a claim that his Fifth and Fourteenth Amendment rights were violated because he was "subjected to unconstitutional multiple punishments when the court failed to merge the firearm specification with the offense of having a weapon under disability, which involves the same gun or firearm." (Doc. No. 1 at 13). Judge Burke recommends I dismiss Ground VI because it raises only a question of state law and does not entitle Cannon to federal habeas relief. Cannon again did not specifically object to this recommendation. I adopt Judge Burke's recommendation and dismiss Ground VI.

### 7. GROUND VII

In his seventh ground for relief, Cannon claims the trial judge and the court of appeals violated his due process rights when those courts "summarily denied" his offer of "proof of actual innocence based on newly discovered evidence." (Doc. No. 1 at 14). Judge Burke recommends I dismiss Ground VII because a habeas petitioner may not obtain relief based upon a challenge to state court post-conviction proceedings. (Doc. No. 11 at 43).

Cannon did not specifically object to this recommendation. To the extent Cannon relies on the actual-innocence arguments he raised to excuse his procedural default, I again conclude that Cannon "has not carried his burden of demonstrating 'that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *Freeman v. Trombley*, 483 F. App'x 51, 65 (6th Cir. 2012) (citation omitted).

I adopt Judge Burke's recommendation and dismiss Ground VII.

## V. CONCLUSION

For the reasons stated above, I decline to consider Cannon's "pro se" objections, (Doc. No. 15), overrule the objections submitted by his attorney of record, (Doc. No. 14), to Judge Burke's Report and Recommendation, (Doc. No. 11), and adopt the Report and Recommendation in full.

Further, I conclude Cannon has not made a substantial showing of the denial of a constitutional right and therefore certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge